# BYNUM *v.* STATE OF MARYLAND

[No. 127, September Term, 1975.]

*Decided May 21, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*John A. Austin, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

This appeal stems from a conviction in the Circuit Court for Prince George's County (Couch, J.) where a jury found appellant guilty of armed robbery, motor vehicle larceny and use of a handgun in the commission of a felony. On appeal, the Court of Special Appeals affirmed the judgment in an unreported opinion. *Larry Donnell Bynum v. State of Maryland,* [No. 16, September Term, 1975, filed September 16, 1975]. We granted certiorari to consider the question whether the action of the state in entering a *nolle prosequi* of a robbery charge precluded it from convicting appellant of armed robbery, based on the same conduct, under another count of the same indictment.

Appellant and his cousin, Joseph Thorn, were charged in an 11-count indictment with the robbery of Thomas C. Mullen, who had picked them up while they were hitchhiking in the District of Columbia and offered to take them to a place in Prince George's County. The undisputed evidence adduced at trial, and admitted by appellant, showed that Mullen had in fact been the victim of an armed robbery by Thorn committed in the presence of appellant. It being conclusively shown, therefore, that a robbery had been committed and that a deadly weapon, a gun, had been used in the commission of that robbery, the only issue at trial was whether appellant had participated in the commission of the crime, as indicated in the testimony of Mullen, or had merely stood by, as appellant himself claimed.

At the conclusion of all the testimony, counsel for appellant moved for a judgment of acquittal, which motion was denied. Thereupon the state, without appellant's

consent, entered a *nolle prosequi* to Count III of the indictment charging simple robbery. There being no objection by defense counsel to the *nolle prosequi*, the case was then submitted to the jury on the armed robbery charge, Count I, and a verdict of guilty was returned.

It is contended that the effect of submitting the armed robbery count to the jury after entry of the *nolle prosequi* as to the robbery count was to place appellant in jeopardy a second time for the same offense, contrary to the common law of this state and the Fifth and Fourteenth Amendments to the Federal Constitution. *See Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); *State v. Barger,* 242 Md. 616, 618-19, 220 A. 2d 304 (1966). Appellant argues that a *nolle prosequi* as to a count in an indictment without the consent of the defendant operates as an acquittal of the offense charged in that count, thus barring subsequent prosecution for the same offense. And since robbery is a lesser offense included in the greater offense of armed robbery, it is urged that for purposes of the double jeopardy prohibition these offenses are the same. Therefore, appellant concludes, he was here placed twice in jeopardy for the same offense. Though this contention, as noted by the Court of Special Appeals, is ingenious, if not novel, we find it to be without merit.

Appellant's argument, however, is not entirely misplaced. Where a *nolle prosequi* is entered before jeopardy attaches, the state is merely precluded from further prosecution under the indictment or count so dismissed. *Barrett v. State,* 155 Md. 636, 638, 142 A. 96 (1928). But the entry of a *nolle prosequi* without the defendant's consent after jeopardy has attached operates as an acquittal, thereby precluding subsequent prosecution for the same offense. *Blondes v. State,* 273 Md. 435, 443, 330 A. 2d 169 (1975); *Friend v. State,* 175 Md. 352, 356, 2 A. 2d 430 (1938); *Greathouse v. State,* 5 Md. App. 675, 689, 249 A. 2d 207, *cert. denied,* 253 Md. 734 (1969); *see Cornero v. United States,* 48 F. 2d 69, 71 (9th Cir. 1931). There can be no question but that here jeopardy had attached when the state entered the *nolle prosequi,* it being after the close of testimony. *See United States v. Jorn,* 400

U. S. 470, 480, 91 S. Ct. 547, 27 L.Ed.2d 543 (1971); *Blondes v. State, supra,* 273 Md. at 444; *Neal v. State,* 272 Md. 323, 327, 322 A. 2d 887 (1974). Thus, after dismissal of the robbery count under these circumstances, subsequent prosecution for the same offense was barred by the double jeopardy prohibition.

Nor, apparently, is appellant incorrect in his contention that the offense of robbery with a deadly weapon, charged in Count I of the indictment, is, for purposes of the prohibition against double jeopardy, the same offense charged in the robbery count, Count III. This Court recently had occasion to consider the question of the appropriate test for determining whether separate statutory provisions constitute the same offense for double jeopardy purposes. In *Thomas v. State,* 277 Md. 257, 353 A. 2d 240 (1976), we applied the "required evidence test" as first enunciated in *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871), and subsequently adopted by the Supreme Court as the appropriate test in connection with the Fifth Amendment double jeopardy prohibition, *Gavieres v. United States,* 220 U. S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489 (1911). We said in *Thomas:*

> "The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. *But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes.*" 277 Md. at 267 (emphasis added).

Here appellant was charged in the relevant counts of the indictment with robbery, Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 486, and robbery with a deadly weapon, Art. 27, § 488. Though the term "robbery" is not defined in either

of those two sections, it is clear that the substantive crime referred to is that defined at common law. *Darby v. State,* 3 Md. App. 407, 413, 239 A. 2d 584, *Md. cert. denied,* 251 Md. 748 (1968), *U.S. cert. denied,* 393 U. S. 1105 (1969); *see Hayes v. State,* 211 Md. 111, 113, 126 A. 2d 576 (1956). Both § 486 and § 488 prescribe the punishment for the same substantive crime, common law robbery, with the only difference being that a more severe penalty is fixed where the robbery is perpetrated with the use of a "dangerous or deadly weapon," Art. 27, § 488. Therefore, since only the offense of robbery with a deadly weapon requires proof of an additional element, so that all of the elements of robbery are present in the offense of robbery with a deadly weapon, the offenses are the same for purposes of the double jeopardy prohibition.

There is, nevertheless, a fundamental flaw in appellant's claim that he was twice placed in jeopardy. Double jeopardy is not suffered unless a man is twice put to trial. *See Bowie v. State,* 234 Md. 585, 593, 200 A. 2d 557, *cert. denied,* 379 U. S. 864 (1964); Fisher, *Double Jeopardy: Six Common Boners Summarized,* 15 U.C.L.A. L. Rev. 81, 86 (1967). The purpose of the prohibition of double jeopardy, questions of double punishment aside,[1] finds expression in the maxim *nemo debet bis vexari pro una et eadem causa,* no one shall be twice vexed for one and the same cause. In the context of a case such as this, where the defendant claims that his conviction was barred by a previous acquittal, two basic double jeopardy policies are involved. The first is the notion that guilt should be established only by proving the elements

---

1. In Ex parte Lange, 85 U. S. (18 Wall.) 163, 169, 173, 21 L. Ed. 872 (1873), the Court observed that the Fifth Amendment and the common law prohibited not only a second trial for the same offense, whether the defendant had been convicted or acquitted in the former trial, but also a second punishment for the same offense. It has been suggested, however, that the prohibition against double punishment, while undoubtedly part of the common law, is not properly a double jeopardy problem, but is, perhaps, more accurately a problem of statutory interpretation, and must, in any event, be distinguished, since the principles involved, though related, are not the same. *See* United States v. Ball, 163 U. S. 662, 669, 16 S. Ct. 1192, 41 L. Ed. 300 (1896); Fisher, *Double Jeopardy: Six Common Boners Summarized,* 15 U.C.L.A. L. Rev. 81, 86 (1967); *see generally* Kirchheimer, *The Act, the Offense and Double Jeopardy,* 58 Yale L. J. 513 (1949).

of the offense to a single jury, that the prosecution should be denied the right to increase the probability of obtaining a conviction by repeated prosecutions.[2] And the second, more general policy, one involved in a trial subsequent to either an acquittal or a conviction, is the right not to be subject to harassment. More specifically, a defendant is not to be put to the expense of defending himself in successive unnecessary trials of the same issue, subjected to the stigma which attaches in further criminal prosecutions, or denied the psychological security, available in civil cases by reason of the doctrine of res judicata, of considering a matter once tried to be closed. *See* Comment, *Twice in Jeopardy*, 75 Yale L. J. 262, 266-67 (1965); Comment, 65 Yale L. J. 339, 340-41 (1956).

It is evident that where, as here, the defendant is subjected to but a single prosecution, trial and jury verdict, there exists none of the evils which the double jeopardy prohibition is intended to prevent. Appellant has neither been harassed by multiple prosecutions, nor has he been subjected to the increased probability of conviction attendant upon repeated trials. In short, appellant was but once placed in jeopardy. *See Marshall v. United States*, 299 F. 2d 141, 142 (10th Cir.), *cert. denied*, 370 U. S. 958 (1962); *United States v. Wilkins*, 287 F. 2d 865, 868 (2d Cir.), *cert. denied*, 368 U. S. 853 (1961); *Oliver v. State*, 234 Ala. 460, 175 So. 305, 307 (1937); *People v. Dreyer*, 71 Cal. App. 2d 181, 162 P. 2d 468, 474 (1945); *see Barsock v. United States*, 177 F. 2d 141, 143 (9th Cir. 1949); *Bowie v. State, supra*, 234 Md. at 593.

There can be little doubt as to the reason for entering the *nolle prosequi* in this case. The state clearly was not abandoning the robbery count because it lacked proof of the offense; to the contrary, it was evidently believed that robbery and more, robbery with a deadly weapon, was proven, a belief borne out by the verdict of the jury. The purpose in abandoning the robbery charge was to remove

---

2. A parallel principle involved in the case of a double jeopardy claim based on a previous conviction is that the prosecution should be denied the right to seek greater sentences in subsequent prosecutions.

from the jury's consideration a charge inconsistent in fact with the uncontradicted evidence adduced at trial which showed that a robbery involving the use of a deadly weapon took place, the only genuine issue being the extent of the defendant's participation. The removal from consideration by the jury of the lesser offense had the salutary effect of clarifying the issues to be decided, an effect which could only accrue to the fairness of the trial. The same result would have obtained had the court, rather than the prosecutor, dismissed the robbery charge by granting partial judgment of acquittal.

We therefore hold that the double jeopardy prohibition, though barring subsequent prosecution for offenses charged in counts dismissed by a *nolle prosequi* entered without the consent of the accused after jeopardy has attached, has no application in the context of the same prosecution which continues on other counts. *See Tyler v. State,* 5 Md. App. 158, 161, 245 A. 2d 592 (1968), *Md. cert. denied,* 252 Md. 733 (1969), *U.S. cert. denied,* 398 U. S. 940 (1970); *Oliver v. State, supra,* 175 So. at 307; *Blair v. State,* 216 Ala. 463, 113 So. 414, 415 (1927); *People v. Hines,* 30 Ill. 2d 152, 195 N.E.2d 712, 714 (1964); *Sellers v. Boone,* 261 S. C. 462, 200 S.E.2d 686, 689 (1973).

*Judgment affirmed, appellant to
pay costs.*