**Timothy Willie SWEETWINE, Appellant,**

v.

**STATE OF MARYLAND and the Warden of the Maryland House of Correction, Appellees.**

**No. 84–6247.**

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1985.

Decided Aug. 8, 1985.

Ellen Scalettar, Baltimore, Md. (Alan I. Baron, P.C., Baltimore, Md., Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Washington, D.C., on brief), for appellant.

Jillyn Schulze, Baltimore, Md. (Stephen H. Sachs, Atty. Gen., Baltimore, Md., on brief), for appellees.

Before HALL, MURNAGHAN and ERVIN, Circuit Judges.

PER CURIAM:

Timothy Willie Sweetwine appeals from the district court's order, dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

On appeal, Sweetwine contends that imposition of a twenty-year sentence upon his conviction at trial of armed robbery in violation of Md.Ann.Code art. 27 § 488 (1982 Repl.Vol.), after he had successfully appealed from his guilty plea to simple robbery, for which he had been sentenced to six years, under Md.Ann.Code art. 27, § 486 (1976 Repl.Vol.), constitutes a denial

of due process of law. We recently rejected essentially the same argument made by a defendant sentenced under the federal bank robbery statute, 18 U.S.C. § 2113, in *United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). There, we stated that:

> The likelihood of either actual vindictiveness or apprehension of vindictiveness ... is minimal when the second sentence is imposed for an offense greater than that which was the basis of the original conviction. The complete explanation for the harsher penalty is obvious on the face of a judgment convicting the defendant of the greater crime.

*Id.* at 332. This same reasoning is equally applicable to the case at bar.[1]

Nor do we agree with Sweetwine that the second sentencing judge failed to articulate a basis supported by factual data for the increased sentence. On the facts of this case, vindictiveness is notably absent.

Accordingly, the judgment below is affirmed.[2]

AFFIRMED.

MURNAGHAN, Circuit Judge, concurring:

The law has been decided, and Judge Hall in writing for the panel has correctly applied as dispositive of the subject case what was laid down in *United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (*en banc*). The court there held that the imposition of sentence on a guilty plea to a lesser included offense does not, when subsequently vacated, set a maximum for the sentence to be meted out where the ensuing trial results in a guilty verdict for the greater offense.

I am by no means convinced that the appearance of vindictiveness which underlies the rationale of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) is eradicated by the proffered distinction between 1) a single crime with an enhanced degree of punishment for a more serious variation and 2) a lesser included offense constituting a separate crime which, upon conviction of the greater offense, is nevertheless blotted out for purposes of conviction or punishment. The appearance of vindictiveness which, in the name of due process, is, under *Pearce*, to be avoided is an attitude of mind to be found in the general public, and especially those charged with crime, not merely, or predominantly, in the members of the legal profession who are trained in subtle distinctions not readily perceived by those whose education has not been in the law.

It is not to my mind realistic to suppose that the mass of mankind will appreciate that two such definitional look-alikes with respect to charges growing out of a single, integrated set of events may properly be endowed with such significantly different legal consequences.[3] Nevertheless, that, after *Whitley*, is the law in the Fourth Circuit, and, if that were all, I should have no business filling pages of the federal reports with a concurrence. But there is something more, something never sufficiently argued to the court. It was not argued at all in *Whitley*; it has only been advanced by Sweetwine on a basis of too little, too late.[4] The point is that those two otherwise generally unsympathetic charac-

---

**1.** The Maryland appellate courts have previously held that armed robbery and simple robbery are distinct offenses for sentencing purposes. *Sweetwine v. State*, 42 Md.App. 1, 8, 398 A.2d 1262, 1267 (1979), *aff'd*, 288 Md. 199, 201 n. 1, 421 A.2d 60, 61 n. 1, *cert. denied*, 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980); *see Bynum v. State*, 277 Md. 703, 707, 357 A.2d 339, 341, *cert. denied*, 429 U.S. 899, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976).

**2.** We have considered Sweetwine's motion for testimony in abstentia filed on the day of argument, and it does not alter our decision.

**3.** Nor do I understand how concerns for vindictiveness, or at least its appearance, can be allayed where the first time around the sentence was 6 years when the maximum that could have been imposed was 10 years, yet the sentence following trial after vacation of the plea was 20 years, the full statutory maximum.

**4.** Counsel for Sweetwine, never having made the point to which I refer in the district court or in the brief on appeal, only adopted the argument after, at last, a member of the panel hearing the appeal *sua sponte* raised it.

ters, Whitley and Sweetwine, have been caught in the switches, but the case for taking that consideration into account has not sufficiently been made.

Whitley, when his case came before us, at the panel level, could with entirely reasonable, though, as things have turned out, with misplaced confidence, have relied and doubtless did rely on the holdings in *Walters v. Harris*, 460 F.2d 988 (4th Cir.1972) and *Crawford v. United States*, 519 F.2d 347 (4th Cir.1975) that 18 U.S.C. § 2113 created a single offense of bank robbery with provision for enhanced penalties based on the existence of aggravating circumstances.[5]

Finally, Walters claims that he was improperly sentenced by the district court. He pleaded guilty to two counts of an indictment charging violations of the federal bank robbery statute, 28 U.S.C.A. §§ 2113(a) and (d). Both counts arose out of the same transaction. Walters was sentenced to twenty years on each count, the sentences to run concurrently. It was not the intent of Congress by the various sections of 18 U.S.C.A. § 2113 to create a number of distinct crimes for a single bank robbery. *See Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). Rather the various sections "create different maximum punishments for a single offense depending on whether aggravating circumstances exist", *Eakes v. United States*, 391 F.2d 287, 288 (5th Cir.1968), and it is impermissible to impose sentence under more than one section of a single transaction, *see Heflin, supra; Prince, supra.*

Even more to the point, at the time when Whitley had had to make his choice between a) continuing to live with his plea bargained twenty-five year (subsequently reduced to twenty year) sentence and b) utilizing an option clearly open to him of vacating an improperly obtained plea and seeking a favorable verdict in the ensuing trial, the choice presented no apparent risk. The choice appeared to Whitley really not to be a choice since Whitley, in the light of *Walters*, was altogether justified in proceeding on the understanding that there was no risk of a sentence in excess of 20 years. In such circumstances, a prisoner can hardly be faulted for pursuing even a forlorn hope that a jury might somehow be persuaded to acquit. To attempt to save a substantial part of 20 years of one's life, at least where the existing law guarantees that the chance taker can be no worse off, is a virtually foregone election.

In any event, at the *en banc* level, Whitley's counsel quite reasonably argued only for continuance of the interpretation of § 2113 announced by this court in *Walters* and in holdings from other circuits.[6]

No point was asserted by Whitley's counsel that, even if the *Walters* rule was to be abrogated in general, it should not be done in such a way as to punish those, Whitley in particular, who, with every justification, had relied on a binding interpretation of the statute at a time when it was in full force and effect. The contention was first brought up in my dissent from the *en banc* disposition in *Whitley*. However, independent of whether the point has validity or not, my colleagues were justified in paying it no heed, inasmuch as counsel for neither party had argued the point.[7] The issue,

---

**5.** Judge Butzner, the author of the majority *en banc* opinion in *Whitley*, at the panel level, perceived that binding precedent dictated acceptance that there was but a single crime. Only when, at the *en banc* level, he was freed to overrule binding precedent did he take a different approach.

**6.** *See United States v. Whitley*, 759 F.2d at 331 n. 6.

**7.** *Cf. Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983); *but see United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.").

therefore, if factually again presented, should be regarded as open for resolution, not foreclosed by *Whitley.*

The case for *Sweetwine* is not so strong, perhaps, but the difference in degree is not great. His counsel likewise made no argument to us that, although the sea change brought about by *Whitley* should hereafter be fully in force, it should not retroactively affect Sweetwine. When briefs for Sweetwine were presented to the Court, the panel decision in *Whitley* still prevailed so counsel had no occasion to make a non-retroactivity argument. Under the *Whitley* panel decision, either 1) applying the single crime approach (the path followed by Judge Butzner in his concurrence) or 2) following the *North Carolina v. Pearce* rationale (the route the panel majority took), a sentence of more than 6 years was not possible. The argument against retroactivity first surfaced when the *Whitley en banc* decision came down. Counsel for Sweetwine did not seek leave to file a supplemental brief in light of the changed circumstances occasioned by the *Whitley en banc* decision. Hence, should the same factual posture arise in another case,[8] the decision here should not bar full inquiry into whether what happened to Sweetwine was retroactive application of a changed rule of law, and, if so, whether that is consonant with the fair play demanded by the due process clause. *See, e.g., Bouie v. City of Columbia,* 378 U.S. 347, 362, 84 S.Ct. 1697, 1707, 12 L.Ed.2d 894 (1964).

If such an inquiry had been sufficiently made into Sweetwine's situation, there are telling considerations pointing in his favor.

1) The Maryland courts had not decided whether the criminal behavior of Sweetwine merited description as a single crime with enhanced sentencing permitted in ag-gravated cases, or, for purposes of *Pearce,* two "different crimes," with one a lesser included offense of the other. Yet, it had been explicitly decided in Maryland that simple robbery and robbery with a deadly weapon were but a single crime when the inquiry was whether there had been double jeopardy, preventing subsequent enhanced sentencing. *See, e.g., Bynum v. State,* 277 Md. 703, 707, 357 A.2d 339, 341 (1976), *cert. denied,* 429 U.S. 899, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976) ("Both § 486 and § 488 prescribe the punishment for the same substantive crime, common law robbery, with the only difference being that a more severe penalty is fixed where the robbery is perpetrated with the use of a 'dangerous or deadly weapon,' Art. 27, § 488. Therefore, since only the offense of robbery with a deadly weapon requires proof of an additional element, so that all of the elements of robbery are present in the offense of robbery with a deadly weapon, the offenses are the same for purposes of the double jeopardy prohibition.").

2) Sweetwine had very competent counseling from a leading Maryland practitioner specializing in defense of those charged with crime. Elsbeth L. Bothé was an assistant public defender for Baltimore City. Her capabilities were attested to by her appointment, virtually contemporaneously with the decision adverse to Sweetwine in the Baltimore Criminal Court (which, merged with other courts, was then known as the Supreme Bench of Baltimore City, but is now titled the Circuit Court of Baltimore City), as a judge in that very same court.

3) At the time when Sweetwine successfully vacated his plea to the offense of simple robbery and six year sentence, he apparently was not alerted to the risk of an

---

8. Or even, possibly, in another *habeas corpus* application by Sweetwine. *See Sanders v. United States,* 373 U.S. 1, 9, 83 S.Ct. 1068, 1073, 40 L.Ed.2d 148 (1963) (Court reaffirmed inapplicability of doctrine of *res judicata* to subsequent *habeas corpus* petitions but recognized that "'each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought'") (*quoting Salinger v. Loisel,* 265 U.S. 224, 231, 44 S.Ct. 519, 521, 68 L.Ed. 989 (1924)).

enhanced sentence of as much as 20 years (more than 3 times as great). Elsbeth L. Bothé held, as a matter of firm conviction and not merely as a possibly viable theory favorable to criminal defendants, the belief that the single crime analysis was the proper one to apply. Since the Fourth Circuit, at the time, took a similar view of things, Mrs. Bothé can hardly be blamed for having done so.

4) Even when the ugly possibility surfaced, just as the trial following upon vacation of the plea was to begin, and the state court trial judge expressed his understanding that the law did not preclude an enhanced sentence of up to 20 years, Elsbeth L. Bothé remained *convinced* that the trial judge was in error in his interpretation of the Maryland law. Bearing in mind that the *Whitley en banc* decision had not seen the light of day and that the Maryland Court of Appeals and Court of Special Appeals had not spoken on the subject, Bothé's point of view was defensible. She gave very professional advice, warning Sweetwine of the consequences if he should refuse the renewed offer of a plea bargain on the same terms as the one he had succeeded in having vacated, and if her view of the law should not stand up. Still, professionally believing as she did that the state trial judge misperceived the law, Elsbeth L. Bothé could do no other than she did. She had to express her expectation that, if Sweetwine went ahead with trial, he could not, in the end, be sentenced to more than six years. That realistically amounted to heavily persuasive advice from the only source on which Sweetwine could rely in deciding whether to refuse or to accept the renewed plea.

5) Under those circumstances, Sweetwine, having prepared for months for trial, and standing at what appeared to him to be the threshold of escape from durance vile, could hardly, under any reasonable view of matters, have been faulted for deciding to go ahead with trial. There is something basically lacking in fundamental fairness to have put Sweetwine to such a Hobson's charge, so pregnant with consequences for him, with a risk of a tripling of his sentence on the one hand, and the surrender of his right even to seek acquittal on the other.

6) It makes things even worse when one bears in mind that, at the time in 1978 when that decision had to be made, Sweetwine was allowed only a lunch time break lasting no more than an hour or two to make up his mind. The Maryland appellate courts had not spoken. *Sweetwine v. State*, 42 Md.App. 1, 8, 398 A.2d 1262, 1267 (1979) ("At the outset, we note that armed robbery and simple robbery are not 'the same offense' for sentencing purposes and within the contemplation of *North Carolina v. Pearce*, notwithstanding the fact that for double jeopardy purposes, primarily that aspect of double jeopardy law guarding against multiple punishment, they are treated as 'the same offense.'"), and *Sweetwine v. State*, 288 Md. 199, 421 A.2d 60 (1980) each first saw the light of day well after 1978.

Thus, it would seem that the non-retroactivity point has not been made by the parties, at all in *Whitley,* and only belatedly at oral argument and then half-heartedly in *Sweetwine.* I have concurred to make the point that the question remains undisposed of should it subsequently ever surface.