511 A.2d 1144

**STATE of Maryland**

v.

**Richard Jefferson GARNER and William F. Hayghe.**

**STATE of Maryland**

v.

**William Frank HAYGHE.**

**Nos. 343, Sept. Term 1986, 1644, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 16, 1986.

Certiorari Denied Nov. 5, 1986.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, State's Atty. for Anne Arundel County and Philip T. Caroom, Asst. State's Atty. for Anne Arundel County on brief, Annapolis), for appellant.

Craig M. Gendler (Gendler & Berg, P.A., on brief, Baltimore, for appellee, Hayge).

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief, Baltimore, for appellee, Garner).

Argued before WEANT and BISHOP, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge.

The primary issue to be decided in this appeal by the State, is whether the Circuit Court for Anne Arundel County properly concluded that the instant prosecutions were barred by the doctrine of double jeopardy. We conclude that they were not and that the trial court erred. Accordingly, we reverse.

Initially, let us isolate the form of jeopardy we are dealing with in order that our discussion not wander into other areas of double jeopardy law having no application to the factual scenario presented herein. We are concerned here with multi-count charging documents, an Indictment and an Information, each charging the same offenses and a *nolle prosequi* entered by the State as to one of the charging documents after the jury had been selected and sworn. At first blush it may appear that we are involved with basic double jeopardy law where the prohibition is against instituting a new jeopardy after the termination of an earlier one. Espousing that theory, the defendants herein maintain that the dismissal by the State of the Informations operated as an acquittal and the Indictments constitute a new jeopardy. That species of double jeopardy, however, does not arise until there has been a verdict of either acquittal or conviction and it is more appropriately termed former jeopardy. It has no application to the single trial situation where, as here, the dismissal of certain charges does not preclude the continuation of the trial on other charges that for some purposes may qualify as "the same offense." Single trial, multi-count charges are concerned with simultaneous jeopardy and the underlying purpose thereof is to avoid multiple punishment. With that brief isolation of the jeopardy to be addressed in this case, we proceed to a discussion of the facts and the applicable law.

R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure* (1983), at 439–440 state:

When a defendant is on trial under a multi-count indictment and two or more of the counts qualify as "the same offense" within the contemplation of the double jeopardy law, the defendant, is the strictest sense, is in double jeopardy. This, however, is not remotely within the prohibition of the double jeopardy law ... Even after trial has begun and jeopardy has attached on a multi-count indictment or upon multiple indictments, the striking out of one count because it is duplicitous does not prevent the trial from proceeding on an identical count (no longer duplicitous when it stands alone). Even after trial has begun and jeopardy has attached, a directed verdict of acquittal on a greater inclusive offense, such as assault with intent to murder, will not prevent the trial from continuing on a lesser included offense, such as simple assault, even though the two offenses qualify as "the same offense" within the contemplation of the double jeopardy law.

The facts giving rise to the present appeals are as follows: Richard Jefferson Garner and William Frank Hayghe, the appellees in these consolidated appeals, were each charged by Criminal Information with twelve counts of sexual offenses, including rape. Preliminarily, The Court dismissed seven of the twelve counts against Hayghe on his motion alleging that the State had not presented evidence as to the challenged counts at an earlier preliminary hearing in the District Court. The State then prepared indictments containing ten counts setting forth the exact same charges that were contained in the informations. The indictments returned by the Grand Jury ranged from first degree rape to simple assault.

The cases were consolidated for trial under the four charging documents (one information and one indictment charging each defendant). After a jury was selected and sworn the trial judge said:

"Okay, it looks like there's some bookkeeping work perhaps with all of the cases here. They look like duplicate charges."

The State agreed indicating that "it was due to a clerical error" and the State then entered a *nolle prosequi* as to the criminal informations in their entirety stating that it would proceed on the indictments. Counsel for each defendant then moved for dismissal alleging that further prosecution was barred by double jeopardy. In support of the motions, counsel cited *Blondes v. State,* 273 Md. 435, 330 A.2d 169 (1975). Following argument the Court dismissed all charges relating to Garner and five of the ten allegations against Hayghe.[1] The State appealed the dismissals as to each defendant; Hayghe appealed the refusal of his motion to dismiss his indictment in its entirety.

The trial judge, like defense counsel, relied upon language in *Blondes* in arriving at his double jeopardy preclusion of further proceedings. We think the trial court's statement that "Blondes has never been overruled, that is still the law in the State of Maryland" attributes more to the decision in that case than the Court of Appeals intended. The *holding* in *Blondes* related to when jeopardy attaches. The fallacy in the trial court's reasoning is its conclusion that because jeopardy attached the proceedings cannot continue following a *nolle prosequi* by the State. The facts in *Blondes* are markedly similar to those facts we are concerned with in the case before us. In *Blondes,* as here, the defendant was indicted on several counts and the State then filed an Information containing language identical to the

---

**1.** *Before trial,* the Court had dismissed seven of the twelve charges in the criminal information against Hayghe, including: (3) assault with intent to rape; (4) First Degree Sexual Offense; (5) Second Degree Sexual Offense; (6) Assault with Intent to Commit a Sexual Offense; (9) Third Degree Sexual Offense; (11) Perverted Sex Practices; (12) Attempted Perverted Sex Practices.

*At trial,* the Court dismissed: (1) Rape; (2) Second Degree Rape; (8) Fourth Degree Sexual Offense; (9) Assault and Battery; (10) Assault. The perverted sex charges were not repeated in the indictments, thereby reducing the charges to ten. Hayghe was to stand trial on the five charges the Court had dismissed before trial, namely: (3) Assault With Intent to Rape; (4) First Degree Sexual Offense; (5) Second Degree Sexual Offense; (6) Assault With Intent to Commit a Sexual Offense; and (7) Third Degree Sexual Offense.

counts in the indictment. After jeopardy had attached at a court trial, the prosecutor, as here, entered a *nolle prosequi* to the two counts in the indictment. The Court of Appeals held that jeopardy attached to *Blondes* prior to the entry of the nolle prosequi.

What the trial court in the present case overlooks in its double jeopardy finding is the limitation placed on *Blondes* by later cases including *Ward v. State,* 290 Md. 76, 427 A.2d 1008 (1981) *Bynum v. State,* 277 Md. 703, 357 A.2d 339 (1976) and *Ball v. State,* 57 Md.App. 338, 470 A.2d 361 (1984), *cert. denied,* 300 Md. 88, 475 A.2d 1200 (1985). As we have said, the issue decided in *Blondes* was at what juncture jeopardy attached in a non-jury trial. Although that determination resulted in a dismissal of the charges, the case did not determine what is or is not double jeopardy under the facts of the case. The Court of Appeals made the distinction in *Ward,* stating:

> "The defendant Blondes then filed a petition for a writ of certiorari raising the question of when jeopardy attaches in a nonjury trial. The petition presented no issue concerning the effect of the nolle prosequi if jeopardy had attached and the State filed no cross petition challenging the position of the Court of Special Appeals on this issue. After this Court granted certiorari, both the State and the defendant in their briefs and oral arguments proceeded upon the assumption, that if jeopardy had attached when the nolle prosequi was presented, then the nolle prosequi was equivalent to an acquittal and the trial should not have proceeded on the same offense under the information. This Court in its opinion accepted the parties' assumption without any detailed examination and agreed that "the critical question in this case is whether jeopardy had attached to Blondes at the time the nolle prosequi was entered. Consequently the only disputed issue in Blondes which this Court resolved and the *holding* of the case, related to when jeopardy attaches in a nonjury trial." 290 Md. at 99–100, 427 A.2d 1008.

The Court went on to say that any assumption that the *nolle prosequi* operated as an acquittal precluding the continuation of the trial for the same offenses on different charges, represented an inaccurate or overbroad view of *nolle prosequi* and double jeopardy principles. Finally, in a footnote, the Court questioned the *result*, not the *holding*, in *Blondes* stating that the issue of jeopardy in a prosecution involving two separate charging documents alleging identical offenses is viewed as an open question.

In *Ward, supra,* two different counts of the indictment charged the same offense. At trial, after jeopardy had attached, the State entered a *nolle prosequi* without the defendant's consent as to one of the counts and the defendant was convicted on the remaining count. Appellant succeeded in obtaining a reversal and a new trial. The issue on appeal was whether the trial could proceed in light of the earlier *nolle pros.* After reviewing the history of *nolle prosequi,* the Court of Appeals concluded that:

> "There is nothing inherent in the nature of a nolle prosequi which causes its entry to operate as an acquittal of the underlying offense."

One year after the decision in *Blondes,* the Court of Appeals held, in *Bynum,* that the *nolle prosequi* entered as to one count did not operate as an acquittal of the underlying offense so as to preclude continuation of the trial on another count even where the two offenses are the same under the required evidence test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Bynum,* like the present case, involved simultaneous jeopardy. A multicount indictment charged both armed robbery and robbery. At the conclusion of the trial the State entered a *nolle prosequi* to simple robbery electing to proceed on armed robbery. The defendant argued that robbery, a lesser included offense of armed robbery, is the same offense for double jeopardy purposes and, therefore, the *nolle pros* precluded further prosecution on double jeopardy principles. Rejecting the defendant's argument, the Court stated:

> "It is evident that where, as here, the defendant is subjected to but one prosecution, trial and jury verdict, there exists none of the evils which the double jeopardy prohibition is intended to prevent. Appellant has neither been harrassed by multiple prosecutions, nor has he been subjected to the increased probability of conviction attendant upon repeated trials. In short, appellant was but once placed in jeopardy."

Accord: *United States v. Klein,* 247 F.2d 908 (2d Cir.), *cert. denied* 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1957).

■ The general rule, that a *nolle prosequi* of one count after jeopardy attaches has no bearing on other counts charging that same offense, is applicable to cases charging the *identical* offense. *United States v. McDaniel,* 538 F.2d 408 (D.C.1976); *Barsock v. United States,* 177 F.2d 141 (9th Cir.1949); *People v. Horowitz,* 131 Cal.App.Supp. 791, 19 P.2d 874 (Calif.1933); *Shafer v. United States,* 179 F.2d 929 (9th Cir.1950).

The courts have consistently held, as we have pointed out, that the double jeopardy principle is clearly inapplicable to multiple counts under the same indictment. Decisions so holding demonstrate that the purpose of the double jeopardy clause is to require the government in a single proceeding to press its case against an individual for an alleged offense. In that sense, trial of related counts arising from the same factual situation complements rather than offends the double jeopardy principle.

■ In the case before us, Garner and Hayghe have appeared before the court in a single trial situation. They have not been faced with separate prosecutions where, as here, two documents charge, in identical language the commission of but one series of offenses. We find little to distinguish between: 1) permitting a trial to continue where a lesser included offense is nol prossed (*Bynum*); 2) permitting the trial to continue where one of two counts charging the same offense is nol prossed (*Ward*); and 3) permitting the trial to continue where, as here, the State

dismisses one of two charging documents and elects to proceed on the remaining document which is identical to the one abandoned.

We note that in *Blondes* the State proceeded to trial on both charging documents, refusing to inform the defendant whether it was proceeding on the indictment, to which a defense had been asserted, or on the Information. In the case *sub judice,* the Court suggested that some "book-keeping" take place to eliminate a duplication of charges. The State then elected to proceed on the indictments and dismissed the other charging document. This election in no conceivable way caused any prejudice to either of the two defendants. The trial could and should have proceeded on the indictments.

The *nolle prosequi* unquestionably barred any further prosecution under the particular document or counts thereof that the State dismissed; it went no further. It did not constitute an acquittal of the underlying offenses and, therefore, it did not preclude the trial from continuing under the separate charging document. See *Ward, supra,* [290 Md.] at p. 84, 427 A.2d 1008. A plea of former jeopardy, being a plea in bar to further prosecution, poses the question: "What prosecution has preceded the present trial?" The answer is obvious—none. Garner and Hayghe have not been acquitted, *autrefois acquit,* nor have they been convicted, *autrefois convict.*

█ In sum, the prohibition against multiple prosecutions and multiple punishments, proscribed by the Double Jeopardy Clause through the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as by the common law, has no application to a single trial, multicount charging document. Where the State has obtained more than one charging document and makes an election to *nolle pros* one set of charges and proceed on the other, it may do so without incurring the risk of dismissal. It matters not whether the dismissal of one is requested by the defendant, suggested by the Court, or done by election of the State.

The defendant under such circumstances has been placed in jeopardy but once. The defendants herein have not endured one completed trial let alone been twice placed in jeopardy.

In view of our reversal of the trial court's dismissal of the indictments, we deem it unnecessary to address the remaining issues raised.

JUDGMENTS REVERSED.

REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR TRIAL.

COSTS TO BE PAID BY APPELLEE/CROSS-APPELLANT, WILLIAM FRANK HAYGHE AND APPELLEE, RICHARD JEFFERSON GARNER.