**UNITED STATES of America, Appellee,**

v.

**Tommy Lee WHITLEY, Appellant.**

**No. 83–5093.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1984.

Decided March 29, 1985.

---

Harrison L. Winter, Chief Judge, concurred in part and dissented in part with opinion.

Murnaghan, Circuit Judge, dissented with opinion.

Rodney W. Seaford, Charlotte, N.C., for appellant.

Kenneth P. Andresen, First Asst. U.S. Atty., Charlotte, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN, CHAPMAN, WILKINSON and SNEEDEN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Tommy Lee Whitley appeals the judgment sentencing him to 50 years imprisonment entered upon his conviction for bank robbery, 18 U.S.C. § 2113(a), (b), (d), and (e).[1] Whitley contends that his sentence improperly exceeded a 20-year sentence imposed after an earlier plea-bargained conviction under § 2113(d) that he successfully attacked on appeal.

The critical question raised by Whitley's assignment of error is whether § 2113 creates a single offense with different penalties for aggravating circumstances as set forth in each subsection. If the statute defines a single offense, the judgment imposing a greater sentence on retrial must be reversed. In contrast, if the subsections of § 2113 create greater and lesser included offenses, Whitley's retrial involved a different crime and the judgment must be affirmed.

The en banc court, overruling circuit precedent to the contrary, holds that § 2113 creates greater and lesser included offenses. Consequently, when Whitley was convicted of violating subsection (e), the court could impose a greater sentence than he previously received on his plea of guilty to the lesser included offense charged in subsection (d). Finding no merit in Whitley's other assignment of error, we affirm.[2]

## I

While robbing a bank, Whitley grabbed a teller around the neck and held a gun to her head. After obtaining money, he left with his hostage. Outside, he released her and fled.

A grand jury returned a four-count indictment charging Whitley with violations of 18 U.S.C. § 2113(a), (b), (d), and (e). Whitley pled guilty to the count that charged § 2113(d) in exchange for dismissal of the three remaining counts. The district court, Judge Woodrow W. Jones presiding, accepted the plea and heard a full account of the robbery, including Whitley's seizure of the teller. The court sentenced Whitley to 25 years' confinement. On Whitley's motion, the court later reduced the sentence to 20 years. Whitley then filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The district court dismissed the motion, but upon remand from this court,[3] it vacated the judgment.

Whitley was tried on the original indictment before a jury, Judge Robert D. Potter presiding, and was found guilty on each of the four counts. The district court merged the counts and imposed a 50-year sentence.

## II

Relying on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), Whitley maintains that the imposition of a 50-year sentence upon retrial, after he had been sentenced to only 20 years for the same offense on his original

---

**1.** For the purpose of this appeal, the subsections of 18 U.S.C. § 2113 and their maximum penalties may be summarized as follows: (a) bank robbery, 20 years; (b) bank theft, 10 years; (d) assault with dangerous weapon while committing any offense defined in (a) and (b), 25 years; (e) kidnapping while committing an offense defined in § 2113, life imprisonment. *See Pope v. United States*, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968).

**2.** The opinion of the panel vacating Whitley's 50-year sentence is reported as *United States v. Whitley*, 734 F.2d 994 (4th Cir.1984).

**3.** *United States v. Whitley*, 692 F.2d 754 (4th Cir.1982) (unpublished).

plea of guilty, violates the due process clause. In *Pearce*, the Court held:

> Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

395 U.S. at 725, 89 S.Ct. at 2080. The Court fashioned the following prophylactic rule:

> [T]he reasons for [imposing a harsher sentence upon a defendant after retrial] must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.[4]

395 U.S. at 726, 89 S.Ct. at 2081.

In a companion case, *Simpson v. Rice*, 395 U.S. 711, 714, 89 S.Ct. 2072, 2074, 23 L.Ed.2d 656 (1969), the Court applied the *Pearce* rule to vacate an increased sentence imposed on retrial after a plea of guilty was set aside. Although members of the Court differ in their interpretation of *Pearce*, a majority subscribe to the view that "[t]he *Pearce* presumption is not simply concerned with actual vindictiveness, but also was intended to protect against a reasonable apprehension of vindictiveness that could deter a defendant from appealing a first conviction." *Wasman v. United States*, —— U.S. ——, 104 S.Ct. 3217, 3225, 82 L.Ed.2d 424 (1984) (Powell, J., concurring).

The record discloses that the trial court, aware of *Pearce*, was not motivated by vindictiveness.[5] But this does not put to rest the second concern of *Pearce*—a prisoner's apprehension that vindictiveness will lead to increased punishment for the same offense after a successful appeal. Thus, if Whitley's first and second convictions are for the same crime, *Pearce* bars the increased sentence because there was no intervening conduct or event to sustain the increase. *See United States v. Hawthorne*, 532 F.2d 318, 322–25 (3d Cir.1976). For this reason we must re-examine the statute to determine whether § 2113(d) is a lesser included offense of § 2113(e) or instead whether § 2113(d) and (e) are penalty provisions for the single offense of bank robbery.

### III

Our interpretation of § 2113 has not been altogether consistent. In *Walters v. Harris*, 460 F.2d 988, 994 (4th Cir.1972), we said:

> It was not the intent of Congress by the various sections of 18 U.S.C.A. § 2113 to create a number of distinct crimes for a single bank robbery.... Rather the various sections 'create different maximum punishments for a single offense depending on whether aggravating circumstances exist' ...

This pronouncement was unnecessary. On a plea of guilty to a two-count indictment,

---

**4.** *Wasman v. United States*, —— U.S. ——, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984), amplified *Pearce* by holding that conduct or *events* occurring after the original sentence may justify increased punishment.

**5.** Judge Potter observed:

> [A]ny sentence I give is not penalizing [Whitley] for having come back and had a trial. I agree with you that he had a constitutional right to do it, and I hold nothing against him

and in no sense of the word do I plan to sentence this gentleman on the theory that he is taking advantage of the system or anything of that nature, so I just wanted the record to be completely clear on that. Any sentence I give is not for the purpose of vindictiveness or for the purpose of penalizing him for having exercised his constitutional right. That's done every day, and I do not hold that against him.

the district court imposed two 20-year concurrent sentences. On appeal, we held that the defendant could be sentenced on only one count. The same result could have been reached by considering subsection (a) a lesser included offense of subsection (d) and imposing a sentence pursuant to subsection (d).

In *Crawford v. United States*, 519 F.2d 347, 351–52 (4th Cir.1975), we held that, depending on the circumstances, violations of subsections (d) and (e) might or might not create separate offenses. We found that the kidnapping was separate from the bank robbery and upheld multiple sentences for violations of both (d) and (e). But the factual distinctions to determine which meaning of § 2113 is applicable can be avoided by considering subsection (d) a lesser included offense of subsection (e). Since subsection (e) authorizes a sentence up to life imprisonment, there is no practical need for consecutive sentences.

We find guidance in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), which was decided after both *Walters* and *Crawford*. In *Gaddis*, the Court distinguished subsection (c) from subsections (a), (b), and (d) in these terms: "Receipt or possession of the proceeds of a bank robbery in violation of § 2113(c) is simply not a lesser included offense within the total framework of the bank robbery provisions of § 2113." 424 U.S. at 548, 96 S.Ct. at 1026.

*Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), rejected the government's argument that each subsection of § 2113 is an independent crime for which consecutive sentences can be imposed. In considering the relationship between subsections (a) and (d), the Court stated: "It was manifestly the purpose of Congress to establish lesser offenses." 352 U.S. at 327, 77 S.Ct. at 406.

Interpreting § 2113(a), (b), (d), and (e) as creating greater and lesser included offenses is consistent with the general principles relating to lesser included offenses. One commentator has explained:

> [A]n offense is necessarily included in the offense charged if the elements of the lesser offense are fewer in number than the elements of the charged offense, and if the two offenses contain common elements so that the greater offense cannot be committed without also committing the lesser one.

2 *Wharton's Criminal Procedure* 339–40 (C. Torcia 12th ed. 1975).

We are persuaded, therefore, that § 2113(d) creates a lesser included offense of the crime defined in § 2113(e). These subsections do not simply provide enhanced punishment for a single offense of bank robbery. To the extent that we held to the contrary in *Crawford v. United States*, 519 F.2d 347 (4th Cir.1975), and *Walters v. Harris*, 460 F.2d 988 (4th Cir.1972), we overrule them. We also recognize that we may now disagree with several circuits on this point.[6]

## IV

Whitley pled guilty to armed robbery, not to the greater crime of kidnapping in the commission of an armed robbery. When he subsequently was found guilty of the greater crime, the district court explained why it was imposing a 50-year sentence:

> The crime with which you have been convicted is kidnapping, although that's not exactly what the statute calls it, is to me one of the worst crimes that I have witnessed in a little over a year that I have been here. You took a young lady and you had, I guess, never seen her before, put a pistol to her temple. A trip on your part or anything, anybody opened the door behind you, could have caused you to kill that young lady or perhaps paralyze her for life. That to me is completely inexcusable, particularly whenever you did it just to try to get the money. Armed bank robbery, none of them reached the height, I guess you

**6.** *See, e.g., Grimes v. United States*, 607 F.2d 6, 13 (2d Cir.1979); *United States v. Rossi*, 552 F.2d 381, 382 (1st Cir.1977); *Eakes v. United States*, 391 F.2d 287, 288 (5th Cir.1968).

might say, of complete disregard of human life of the person—several persons, for that matter. There were several people in the bank, but for a person who just happened to be in the wrong place at the wrong time. You did it, according to the jury's verdict, and you did it intentionally and willfully. Therefore I do not feel that I can in any way consider any sentence which is not somewhat commensurate with the crime.[7]

■ Because Whitley's original plea was to a lesser included offense and subsequently he was convicted of a greater offense, *Pearce* does not apply. The likelihood of either actual vindictiveness or apprehension of vindictiveness, the object of *Pearce's* prophylactic rule, is minimal when the second sentence is imposed for an offense greater than that which was the basis of the original conviction. The complete explanation for the harsher penalty is obvious on the face of a judgment convicting the defendant of the greater crime. *See United States ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir.1970). *Cf. United States v. Johnson*, 537 F.2d 1170, 1174–75 (4th Cir.1976).

■ We cannot accept Whitley's argument that a sentence in excess of 20 years is unconstitutional because the 20-year sentence and the 50-year sentence were for the same transaction. This argument is not supported by any authority. The same transaction or the same evidence is pertinent to aspects of the bar afforded by the double jeopardy clause, but it is not significant here. After a guilty plea has been set aside, neither retrial nor an increased sentence infringes the rights protected by the double jeopardy clause. *North Carolina v. Pearce*, 395 U.S. 711, 719–21, 89 S.Ct. 2072, 2077–78, 23 L.Ed.2d 656 (1969). By accepting the plea to a charge of armed robbery, the district court did not impliedly acquit Whitley of the crime of kidnapping

while committing an armed robbery. *United States v. Williams*, 534 F.2d 119, 120–22 (8th Cir.1976).

■ Whitley protests the prosecutor's comments that questioned his motive in appealing his guilty plea. Although the prosecutor's remarks were ill advised, there could be no apprehension of prosecutorial vindictiveness of the kind that prompted a prophylactic rule against substitution of charges in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The prosecutor did not file a greater charge after Whitley successfully attacked his guilty plea. Because Whitley was tried on the original indictment, his right to due process was not infringed. *See United States v. Barker*, 681 F.2d 589, 592–93 (9th Cir.1982); *United States v. Johnson*, 537 F.2d 1170, 1175 (4th Cir. 1976).

Even though Whitley's conduct was the subject of both his plea of guilty to a violation of subsection (d) and his conviction for violating subsection (e), the charges considered in the respective proceedings were different. The proceedings on the guilty plea to subsection (d) did not provide a forum for assessment of Whitley's guilt and punishment under subsection (e) which, pursuant to the plea bargain, the government withdrew. Acceptance of the plea to the subsection (d) charge precluded the judge from acquitting, convicting, or sentencing Whitley under subsection (e). Not until Whitley was convicted of the crime defined in subsection (e) could the court give consideration to the full range of penalties Congress authorized for conduct more serious than that punishable under subsection (d). *See Barker*, 681 F.2d at 592.

■ We reject Whitley's suggestion that the increased sentence violated the due process clause by engendering a reasonable perception of harsh treatment because he

---

7. In view of the district court's explanation for the sentence and our interpretation of § 2113, it would have been preferable to have sentenced Whitley only for a violation of subsection (e), the greater offense, without merging the other

three counts that charged lesser included offenses. Whitley has not questioned the judgment on this ground. In any event, reversal would not be required. Fed.R.Crim.P. 52(a).

exercised his right to appeal his faulty plea to subsection (d). This argument is based on a misconception of *Pearce*. A defendant who attacks his plea to a lesser included offense knows that if he is successful he will be faced with trial of the greater offense charged in the indictment but withdrawn as a result of the plea bargain. In *Santobello v. New York*, 404 U.S. 257, 263 n. 2, 92 S.Ct. 495, 499 n. 2, 30 L.Ed.2d 427 (1971), the Court observed that a defendant who is allowed to withdraw his plea to a lesser included offense "will, of course, plead anew to the original charge...." Quite naturally, this is a cause for apprehension that may or may not deter a prisoner from attacking his plea of guilty to the lesser offense. But it is not the kind of apprehension that gives rise to a violation of the due process clause.

Explaining the rationale of *Pearce*, the Court emphasized that "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only those that pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). The likelihood and the apprehension of vindictiveness are dispelled when a defendant is given an increased sentence because he has been convicted on retrial of a more serious crime than that for which he previously pled guilty. *See United States ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir.1970).

### V

For reasons adequately stated in the panel opinion, *United States v. Whitley*, 734 F.2d 994, 998–99 (4th Cir.1984), we find no error in the denial of the motion to suppress.

AFFIRMED.

HARRISON L. WINTER, Chief Judge, concurring in part and dissenting in part:

While I agree that there is no merit in Whitley's appeal from the district court's denial of the motion to suppress, I remain of the view that his sentence should be vacated and his case returned to the district court for resentencing under the restriction that a sentence more severe than twenty years may be imposed only if the sentencing judge discerns and articulates a reason adequate under *Pearce* to justify harsher treatment. To this extent, I respectfully dissent.

There is much in the majority opinion with which I agree. I have no doubt that *Pearce* and the line of cases it has spawned protect a defendant against an apprehension of vindictiveness in the imposition of sentence on retrial, as well as actual vindictiveness in the imposition of that sentence. I agree also that in most circumstances the provisions of 18 U.S.C. § 2113(a), (b), (d), and (e) create greater and lesser-included offenses. But I do not think that the proper outcome of this case depends upon whether that statutory language creates a single offense with different maximum punishments depending upon whether aggravating circumstances exist or whether it creates simply greater and lesser-included offenses. This case turns on its special facts.

On Whitley's initial guilty plea to the charge that he violated 18 U.S.C. § 2113(d), the first sentencing judge was authorized to impose a maximum prison sentence of twenty-five years. That is the sentence he first imposed. But despite having learned that Whitley put in jeopardy the life of a female teller by the use of a gun and kidnapped her, although only briefly, in the course of committing the bank robbery, the original sentencing judge later reduced that sentence to twenty years. Thus there was a judicial determination on all of the facts that twenty years was an appropriate sentence for this heinous crime with all of its sordid details.

When on retrial—his plea of guilty having been stricken—Whitley was found guilty of violating 18 U.S.C. § 2113(a), (b), (d), and (e), the second district judge correctly treated the offenses under § 2113(a), (b), and (d) as having merged into the offense under § 2113(e). But the second district judge, citing no fact not known to the first district judge to justify his sentence,

imposed a sentence of fifty years. The second district judge did disclaim actual vindictiveness on his part, and I do not dispute the truthfulness of his statement. Yet the fact remains that unless he can articulate a reason for a two and one-half times increase in the initial sentence, I can only conclude that the sentence he imposed would lead Whitley or any other reasonable defendant similarly placed to be apprehensive that vindictiveness played a part in the severity of the sentence imposed on him. It follows, to my mind, that the holding of *Pearce* and subsequent cases has been offended unless on remand the second sentencing judge can identify and articulate justification for his action aside from the fact that Whitley was successful in his collateral attack on his initial plea.

Having stated what this case is, I will also state what it is not. This is not a case where the first district judge imposed the maximum sentence of incarceration upon a defendant's guilty plea to a lesser-included offense. Had the first sentencing judge, having heard all of the details of the crime, concluded that the maximum period of incarceration for that offense been justified, I would have no doubt that upon retrial and conviction of a greater-included offense, the imposition of a more severe sentence would have been unexceptionable short of evidence of actual vindictiveness. I would hold that ordinarily whenever a conviction on a lesser-included offense is set aside, followed by a conviction of a more aggravated offense, a more severe sentence may be imposed. It is only here, where the sentence of incarceration imposed on the first conviction is less than the maximum which the law permits for that offense and the less severe sentence is imposed by the sentencing judge with full knowledge of the facts which, if proved, would result in conviction of the more aggravated offense, that the *Pearce* rule comes into play.

For these reasons as well as those set out more fully in the majority panel opinion, *United States v. Whitley*, 734 F.2d 994 (4 Cir.1984), I would vacate the sentence and return Whitley to the district court for resentencing within the constraints of *Pearce*.

Judge MURNAGHAN, Judge SPROUSE, and Judge ERVIN authorize me to say that they join in this separate opinion.

MURNAGHAN, Circuit Judge, dissenting:

I concur in Chief Judge Winter's conclusion in dissent that Whitley's enhanced sentence offends the principles of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In addition to the concerns expressed in his dissenting opinion, I am troubled by an aspect of Whitley's case which seems to have escaped notice.

In Part III of its opinion, the *en banc* court attempts to avoid what otherwise would be an obvious *Pearce* violation. It does so by overruling prior interpretations of 18 U.S.C. § 2113. The court, of course, is free to overrule earlier opinions, even, of course, an opinion which itself emanated from an *en banc* appeal. However, there is at least a reason to pause before overruling, for of necessity the whole judicial system proceeds on the basic assumption that decisions, even three-judge panel decisions, are customarily correct. Here we overrule not one, but two decisions and, as the thing is done, ourselves contribute directly to the commission of a manifest injustice.

At the time Whitley elected to attack his twenty year sentence, extant Fourth Circuit authority provided every assurance that a retrial on the original indictment would not carry the potential for additional punishment over and beyond the twenty years imposed following a guilty plea to 18 U.S.C. § 2113(d). Indeed, the conclusions reached by Chief Judge Winter in the original panel opinion, and by Judge Butzner in his concurrence, confirm that Whitley's expectation was the only reasonable one. As matters have now turned out, however, the *en banc* majority essentially penalizes Whitley for not being smarter than both Chief Judge Winter and Judge Butzner. Rather than sanction Whitley for not being

more perceptive of the law than the court itself, I would apply the rules adopted by the majority only prospectively.

In Judge Butzner's case, the matter is very simple. At the panel level, he felt bound by extant Fourth Circuit authority, which defined Whitley's crime as a "single one," with only differing degrees of enhanced punishment possible under the several subsections of 18 U.S.C. § 2113. According to Judge Butzner at the panel level, when Whitley was retried and convicted of violations of 18 U.S.C. § 2113(a), (b), (d) and (e), he was convicted of the "same offense" as that to which he previously had pled guilty. There being no intervening aggravating circumstances, *Pearce* prohibited enhanced punishment. *See United States v. Whitley,* 734 F.2d 994, 999 (4th Cir.1984) (Butzner, J., concurring).

In taking the "same offense" approach, Judge Butzner justifiably relied on prior Fourth Circuit holdings, particularly *Walters v. Harris,* 460 F.2d 988 (4th Cir.1972), *cert. denied sub nom. Wren v. United States,* 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1973) ("It was not the intent of Congress by the various sections of 18 U.S.C. § 2113 to create a number of distinct crimes for a single bank robbery.... Rather the various sections 'create different maximum punishments for a single offense depending on whether aggravating circumstances exist....'"). The later case of *Crawford v. United States,* 519 F.2d 347 (4th Cir.1975) in no way reaches a contrary conclusion, although there is some ambiguous language which might arguably unsettle the holding of *Harris.* The result in *Crawford,* however, did not turn on whether the statute defined lesser included offenses because, on the particular facts presented, Crawford's § 2113(e) kidnapping offense was distinct and separate from the bank robbery offense. Thus, at most, the seemingly unsettling language was dicta.

Judge Winter took a different and more complicated route since he thought each subsection of 18 U.S.C. § 2113 specified lesser included offenses, each of which was a separate crime. *See* 734 F.2d at 997–98

n. 2. Nevertheless, he readily acknowledged that where, as here, all the crimes charged grew out of the same set of events, for punishment purposes the concept of lesser included offenses was applicable to Whitley. Hence, Whitley's separate offenses under 18 U.S.C. § 2113, involving the same concatenation of circumstances, were linked to one another in such a way that, if he were convicted of all crimes charged, sentencing, in effect, still could not exceed the maximum punishment for the most serious of the offenses.

Since the earlier plea bargain of guilty to 18 U.S.C. § 2113(d) had set the maximum at twenty-five years (subsequently reduced to twenty years), Judge Winter was persuaded that *North Carolina v. Pearce,* in the absence of aggravating circumstances, precluded the enhanced sentence meted out by Judge Potter of fifty years. Judge Winter thus extended application of *North Carolina v. Pearce* to a situation analogous to the one actually presented in that case. However, his view on the crucial issue confronting us is that, absent subsequent aggravation, Whitley's sentence could not be enhanced beyond twenty years, regardless of how many subsections under the 18 U.S.C. § 2113 umbrella he might be convicted of the second time around. Every indication suggests that Judge Winter has consistently adhered to that view since a time even before the date when Whitley was called on to decide whether to seek to vacate the twenty year sentence.

In Whitley's case there have been no such aggravating circumstances. Neither Judge Butzner nor anyone else has suggested otherwise. Obviously if there were none at a later date, there were none at any earlier time. Whitley was in the best position of anyone to know that fact. Hence he should have been able safely to proceed on the assumption that both Judge Winter and Judge Butzner, though for different reasons, nevertheless would, sitting on three judge panels, certainly have agreed that Whitley could not be resentenced to more than twenty years. That,

indeed, is just what happened when the panel determination in Whitley's case was made.

At the *en banc* level, Whitley was in for a rude awakening. Although Judge Butzner was evidently not satisfied with the law he clearly recognized to be in existence, still, he steadfastly applied the single offense approach of *Walters* and *Crawford* when the question arose at the customary panel level. Only when the appeal reached the *en banc* level, well after the time when Whitley had to make his crucial decision, did Judge Butzner have the right to express a preference for a change in the law. The point remains, however, that, because of the change in the law, Whitley was caught in the switches. Had he known that, while the guilty plea and the twenty year sentence could be vacated because of ineffective assistance of counsel, he still upon retrial might get life or fifty years, he might very well have refrained from pursuing relief under 28 U.S.C. § 2255. In plain language, he has been led up the garden path. By allowing Whitley to vacate his plea, we have trapped him in a labyrinth formed by a retrospective change in the law.[1]

For those reasons, I cannot follow the lead of the *en banc* majority. While I agree with the conclusion that 18 U.S.C. § 2113 spells out several lesser included offenses, not simply a single offense with enhanced punishments, I cannot disregard the strictures of *Pearce*. Furthermore, even in the absence of the holding in *Pearce*, had Congress retrospectively changed the law by redefining Whitley's offense to his detriment, its action quickly would be struck down as an *ex post facto* law. Due process considerations similarly operate to restrain the court from reaching the same result through a new construction of an existing statute. *See Bouie v. City of Columbia,* 378 U.S. 347, 353–54, 84 S.Ct. 1697, 1702–3, 12 L.Ed.2d 894 (1964); *Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); *United States v. Potts,* 528 F.2d 883 (9th Cir.1975).[2]

Accordingly, I dissent.

1. A man in Whitley's position is concerned about result, the bottom line, not about legal niceties which may have been, indeed probably were, beyond his comprehension. The important thing is that, at the time Whitley had to decide whether to seek vacation of his improperly imposed twenty year sentence, extant authority (*Harris* and *Crawford*) suggested, and two giants on the bench fully agreed, with no judge of the court displaying a contrary point of view, that, according to the law as it then stood, twenty years was the maximum possible in case of any resentencing.

2. Suppose the law had all along been otherwise, clearly holding that it was entirely proper to allow an enhanced sentence upon the vacation of a finding of guilt and retrial under 18 U.S.C. § 2113. With a great degree of probability we may conjecture that Whitley would never have filed his 28 U.S.C. § 2255 proceeding. At least, he might not have done so without first seeking to raise another possible instance of ineffective assistance of counsel on the part of the lawyer who, in a manner held by the Fourth Circuit to be ineffective, mistakenly had advised him that he should plead guilty to avoid the possible imposition of a death penalty. The plea arranged by that lawyer was to 18 U.S.C. § 2113(d) (bank robbery, for which the maximum sentence was twenty-five years). If the plea had been to 18 U.S.C. § 2113(e) (kidnapping, for which a life sentence was possible), the enhancement of the twenty year sentence ultimately imposed the first time 'round would not have been possible because in that instance Whitley would have been convicted of the identical offense, and *Pearce* would preclude increase in the sentence beyond twenty years.

To the prosecutor, § 2113(d) or (e) would have made no difference. He expected to put the case finally to bed. If he held out for (d) simply to dangle a great sword over Whitley's head to discourage him from initiating a proceeding of any kind, including one to remedy the plain ineffective assistance of counsel which in fact occurred, the violation of his rights under the rationale of *Pearce* would be evident.

Of course, the trial judge need not have accepted a plea to § 2113(e) conditioned on a twenty-five year cap on sentencing. *See* Fed.R. Crim.P. 11. Still, the district judge, cognizant of all the facts, was willing to sentence to twenty-five years, and later to reduce the sentence to twenty years. Perhaps counsel had a duty to explore the possibility of obtaining agreement to a § 2113(e) plea, with a twenty-five year cap, and failed to do so.

However, we do not need to unravel that tangled skein inasmuch as it was patent, as of the time Whitley took his decision, that proceeding with the § 2255 motion did not present a risk of an enhanced sentence over the twenty year imposition already in existence.