808 F.2d 836
 22 Fed. R. Evid. Serv. 333
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Thomas Anthony BERRY, Appellant.
 No. 86-5014.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 14, 1986.
Decided Dec. 23, 1986.
 
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Martha F. Rasin (Bruce C. Bereano; Bereano & Resnick, P.A. on brief), for appellant.
 Charles P. Scheeler, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief), for appellee.
 PER CURIAM:
 
 
 1
 Thomas Berry appeals his conviction for robbery of a federal credit union in violation of 18 U.S.C. Secs. 2113(a), (b), and (d). He asserts that the district court erred in admitting the grand jury testimony of his brother, David, whom the court found unavailable for trial. Finding no error in the admission of this testimony, we affirm the judgment of conviction on Count 3 for violation of Sec. 2113(d), assault in the commission of robbery or larceny of the credit union's property.
 
 
 2
 Both the sixth amendment and Federal Rule of Evidence 804(b) require that a witness must be unavailable for his grand jury testimony to be admissible. A witness is unavailable if his attendance cannot be procured "by process or other reasonable means." Rule 804(a)(5). To satisfy the constitutional requirement, the prosecution must make "a good faith effort" to obtain the witness' presence at trial." Ohio v. Roberts, 448 U.S. 56, 74-75 (1980).
 
 
 3
 The government made extensive efforts to locate David for a trial scheduled for July 8, 1985. In May and June 1985, an FBI special agent ran credit and motor vehicle checks, spoke with David's parents, and conducted surveillance of their residence, David's last known address, four times. Eventually the agent found David at the District of Columbia jail on June 14, served him with a subpoena, and lodged a detainer to prevent his release before the July 8 trial date. The agent spent 50-60 hours in these efforts.
 
 
 4
 David was mistakenly released from jail June 25, 1985. When he failed to appear for trial on July 8, the case was continued. The government obtained a bench warrant for him and entered it into the National Crime Information Center Computer. The agent also revisited David's parents. These measures took one hour.
 
 
 5
 The prosecution's efforts to find David clearly met both constitutional and evidentiary standards. Through the 50-60 hours which it expended before the trial scheduled for July 8 and the actions after David failed to appear, the government exhausted its leads. Roberts v. Ohio does not require "a futile act." 448 U.S. at 74. David was unavailable, and his grand jury testimony was properly admitted at the November 7, 1985, trial.
 
 
 6
 Berry also contends that David's grand jury testimony, which contained contradictions, failed to meet the indicia of reliability which Roberts v. Ohio mandates and violated the rule against hearsay. We find no merit in this argument. As in United States v. Murphy, 696 F.2d 282, 285-87 (4th Cir.1982), ample independent evidence corroborated the absent witness's testimony. Other witnesses at the scene observed Berry and his accomplice walking from a truck toward the credit union immediately before the robbery. The truck key and an I.D. used by Berry's accomplice were found in Berry's car, and Berry's fingerprint was on a stolen check cashed one day after the robbery. This evidence presents indicia of reliability that satisfy the Roberts criteria and also meets the equivalent circumstantial guarantee of trustworthiness of Rule 804(b)(5). The district court properly found David's grand jury testimony sufficiently reliable to be admitted.
 
 
 7
 Berry also contends he was improperly sentenced to ten years' imprisonment on Count 2 which charged a violation of Sec. 2113(b). He asserts that at most he was guilty of a misdemeanor with respect to Count 2.
 
 
 8
 Section 2113(b) provides that if the accused is guilty of stealing property valued at more than $100 he may be imprisoned not more than ten years. If the value is less than $100, he may be imprisoned no longer than one year. The indictment did not allege the value of the stolen property. Moreover, the court did not instruct the jury on the necessity of determining the value, and the jury returned a verdict of guilty as charged without specifying whether Berry was guilty of a felony or a misdemeanor. Consequently, we must vacate the ten-year sentence imposed with respect to Count 2.
 
 
 9
 The error regarding Count 2, however, is immaterial. The district court ordered that the sentences imposed on Counts 1 and 2 were to run concurrently with the 25-year sentence imposed on Count 3. The judgment also makes provision for setting aside the sentences on Counts 1 and 2 upon affirmance on appeal. This provision is consistent with the concept that the crimes defined in Secs. 2113(a) and (b) are lesser included offenses of the more serious crime defined in Sec. 2113(d). See United States v. Whitley, 759 F.2d 327, 330-31 (4th Cir.1985).
 
 
 10
 The judgment of conviction on Count 3 for violating Sec. 2112(d) is affirmed. The case is remanded so the district court in accordance with its order can set aside the sentences imposed on Counts 1 and 2 which charge violation of Secs. 2113(a) and (b).