829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Moriss TURNER, Defendant-Appellant.
 No. 86-5130
 United States Court of Appeals, Fourth Circuit.
 Submitted May 29, 1987.
Decided September 4, 1987.
 
 (Daniel Smith Johnson; John W. Totten, II; Wilson, DeGraw & Johnson, on brief), for appellant.
 (Paul A. Weinman, Assistant United States Attorney; Robert H. Edmunds, Jr., United States Attorney; Becky M. Strickland, CLA, Paralegal Specialist, on brief), for appellee.
 Before WILKINSON, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 John Morris Turner appeals his firearms conviction entered pursuant to a plea agreement with the government. Turner makes two arguments. First, he claims that because the conduct for which he was convicted is no longer unlawful due to amendments of the firearms statutes, his conviction must be overturned. Second, Turner argues that because he entered into a plea agreement that was later withdrawn, subsequent prosecution under counts involved in the original agreement constituted a deprivation of his due process and double jeopardy rights. Finding no merit in these two claims, we affirm the conviction.
 
 I.
 
 2
 Turner was charged by indictment on April 1, 1986 with nine counts of violation of 18 U.S.C. Secs. 922(a)(6) and 924(a)--false statements in the acquisition of firearms (counts 1, 3, 5, 7, 9, 11, 13, 15, 17), nine counts of violation of 18 U.S.C. Secs. 922(h)(1) and 924(a)--receipt of a firearm in commerce after conviction of a crime punishable by imprisonment of more than one year (counts 2, 4, 6, 8, 10, 12, 14, 16, 18), and two counts of violation of 18 U.S.C. App. II Sec. 1202(a)(1)--knowing possession of a firearm after conviction of a crime punishable by imprisonment of more than one year (counts 19, 20). The prior conviction underlying these charges was assault with a deadly weapon, a misdemeanor carrying a two-year maximum sentence under North Carolina law.
 
 
 3
 After initially pleading not guilty, Turner pled guilty on May 5, 1986, pursuant to a plea agreement. The agreement provided that in return for a guilty plea to counts 2, 4, and 20, the government would not oppose a motion to dismiss the remaining counts. The court accepted the guilty pleas and set sentencing for June 2, 1986.
 
 
 4
 On May 30, 1986, Turner filed a motion for dismissal of all counts, including 2, 4, and 20. Turner based his motion on amendments to the firearms statutes, passed on May 19, 1986, which repealed 18 U.S.C. App. II Sec. 1201 and changed 18 U.S.C. Sec. 921(a)(20) to read:
 
 
 5
 (20) The term 'crime punishable by imprisonment for a term exceeding one year' does not include--
 
 
 6
 . . .
 
 
 7
 (B) any state offense classified by the laws of the State as a misdemeanor and punishable by a term of two years or less.
 
 
 8
 The government initially agreed with Turner's motion to dismiss in light of the new law. Later, the government stated that its earlier position was in error, and opposed dismissal.
 
 
 9
 The net result of a series of arguments concerning dismissal was that the court allowed Turner to withdraw his guilty plea to counts 2, 4, and 20, and, over the government's objection, dismissed those counts and counts 6, 8, 10, 12, 14, 16, 18, and 19. The court did not dismiss the remaining counts, and the government expressed its intention to continue the prosecution under them.
 
 
 10
 On September 2, 1986 Turner and the government entered into a plea agreement. Under the agreement, Turner entered a conditional plea of guilty to count 17. Turner reserved the right to argue on appeal that the changes in the firearms statutes required dismissal of count 17, and that upon the court's acceptance of the May 5 guilty plea, jeopardy attached as to all counts, thus precluding any subsequent prosecution under count 17. After conducting the inquiry required for acceptance of a guilty plea, the court accepted Turner's plea as to count 17, dismissed the remaining counts, and imposed sentence. Turner appealed.
 
 II.
 
 11
 Turner first argues that the Firearm Owners' Protection Act (FOPA), Pub. L. No. 99-308, 100 Stat. 449, retroactively decriminalized his conduct. Turner asserts that because conviction of a state two-year misdemeanor no longer qualifies as an underlying offense supporting conviction under 18 U.S.C. Sec. 922(a)(6), his conviction under count 17 must be extinguished. The provisions of the FOPA make clear that Turner's argument must fail.
 
 
 12
 Section 110 of the FOPA states that '[t]he amendments made by this Act shall become effective one hundred and eighty days after the date of enactment of this Act.' The conduct underlying Turner's conviction took place well before the enactment of the FOPA, and was therefore punishable under the statutes as they existed prior to the passage of the FOPA.
 
 
 13
 Turner's contention that the amendments nonetheless apply in his case because his appeal was pending at the time the FOPA became effective is unpersuasive. The FOPA clearly explains its intended application to pending proceedings. Section 110(b) states that '[t]he amendments made by sections 103(6)(B), 105, and 107 of this Act shall be applicable to any action, petition, or appellate proceeding pending on the date of the enactment of this Act.' The amendment on which Turner relies was made by section 101 of the FOPA, which is not included in the list of amendments to be given effect in pending cases. Because the section 101 amendments are not expressly listed by the Act as applicable to pending cases, the general savings clause in 1 U.S.C. Sec. 109 applies to support Turner's conviction under the pre-FOPA version of 18 U.S.C. Secs. 921(a)(20) and 922(a)(6).*
 
 
 14
 The cases cited by Turner for the proposition that prosecution must abate where a change in the law decriminalizes the underlying conduct are inapposite. Because Congress has clearly expressed its intent in the FOPA, the general principle that criminal prosecutions must abate when the law underlying them loses force, see United States v. Chambers, 291 U.S. 217 (1934), does not apply. For the same reason, the general 'background' intent to avoid punishment where there has been a change in the law that was attributed to Congress in Hamm v. City of Rock Hill, 379 U.S. 306, 314 (1964), is also inapplicable here. Congress clearly stated that the provision under which Turner was convicted was to remain in force until 180 days after passage of its amendment and that the amendments would not affect pending appeals. Turner's conviction under the statute stands because 'competent authority has kept the statute alive for that purpose.' Chambers, 291 U.S. at 223.
 
 III.
 
 15
 Turner's double jeopardy and due process arguments are similarly unpersuasive.
 
 
 16
 Turner asserts that once he entered a plea of guilty as to counts 2, 4, and 20 pursuant to the first plea agreement, jeopardy attached as to all counts and precluded any further prosecution. We disagree. The double jeopardy clause prevents multiple prosecutions for the same offense. Green v. United States, 355 U.S. 184 (1957). Only counts 2, 4, and 20 were previously before the court for a guilt determination. Because count 17 was never before the court for a guilt determination, jeopardy did not attach as to that count. Furthermore, the mere entry of a guilty plea does not cause jeopardy to attach. Because a defendant remains able to withdraw a guilty plea under Fed. R. Crim. P. 32(d), the rule Turner advocates would allow a defendant to plead guilty, withdraw the plea, and then claim that any further prosecution for the offense would constitute double jeopardy. Even where judgment has been entered on a guilty plea, there is no double jeopardy bar to subsequent prosecution on the same charge if the guilty plea is later set aside. See United States v. Whitley, 759 F.2d 327, 332 (4th Cir. 1985) (en banc).
 
 
 17
 Turner also fails to present any viable claim that his right to due process was violated by the prosecution's conduct of this case. Although the government's reversal of position was far from exemplary, the government's refusal to dismiss the indictment against Turner after he withdrew his guilty plea was proper. Once Turner decided to withdraw his part of the plea agreement--the guilty plea--he cannot successfully argue that the government was nonetheless bound to follow through with its part of the agreement and dismiss the remaining counts. The plea bargaining process here involved no unfairness to Turner that approaches the level of a denial of due process.
 
 
 18
 AFFIRMED.
 
 
 
 *
 1 U.S.C. Sec. 109 states:
 The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such forfeiture, penalty, or liability.