833 F.2d 1006
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Darrell MILLER, a/k/a Ricky Miller, Defendant-Appellant.
 No. 86-5126.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 27, 1987.
Decided: Nov. 12, 1987.
 
 (Pamela L. Stanback, Stanback and Stanback Attorneys, on brief) for appellant.
 (Robert H. Edmunds, Jr., United States Attorney, on brief) for appellee.
 Before SPROUSE, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Darrell Miller appeals his convictions for bank robbery, in violation of 18 U.S.C. Sec. 2113(a) and (d), pursuant to his guilty plea to those offenses. The district court sentenced Miller to a term of imprisonment of fifteen years and ordered him to pay a special assessment of $50.00 on each of the convictions for a total of $100.00, pursuant to 18 U.S.C. Sec. 3013(a)(2)(A). The court also ordered Miller to make restitution to the bank in the amount of $2,677.00. On appeal, Miller's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in her opinion no meritorious issues exist on appeal. A copy of the Anders brief and an invitation to supply supplemental materials were provided to Miller, who has not responded. Miller's attorney additionally now moves to withdraw as counsel.
 
 
 2
 After an independent review of the record, we conclude that Miller's guilty plea was knowingly and voluntarily entered, and that there was a factual basis for the plea. We find no error in the conviction for a violation of Sec. 2113(d) or in the sentence and special assessment imposed on that conviction. We vacate in part and remand, however, in order to correct the entry of judgment for a violation of Sec. 2113(a) and the imposition of a special assessment for that offense, and for further proceedings incident to the restitution order.
 
 
 3
 In United States v. Whitley, 759 F.2d 327 (4th Cir.1985) (en banc), cert. denied, 106 S.Ct. 196 (1985), this Court decided that the several subdivisions of 18 U.S.C. Sec. 2113 created a series of lesser included offenses involving bank robbery. Consistent with Whitley, Miller, upon being convicted for a violation of Sec. 2113(d), could not properly be convicted for a violation of Sec. 2113(a) as a result of the same criminal transaction.
 
 
 4
 Accordingly, the case is remanded with directions that the conviction and assessment for Count 1 for violating Sec. 2113(a) be set aside. In all other respects the judgment of conviction, sentence, and $50.00 special assessment for Count 2 for violating Sec. 2113(d), is affirmed.
 
 
 5
 In addition to the prison sentence and special assessment the district court, pursuant to 18 U.S.C. Sec. 3579, ordered Miller to make restitution to the bank in the amount of $2,677.00. Section 3580(a) of Title 18 requires the district court, in determining whether to order restitution under section 3579, to consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3580(a). This Court recently held that, in order to have effective appellate review of a sentencing decision which includes restitution, fact findings on these Sec. 3580(a) factors are mandatory. See United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). Although the record in this case includes specific findings on the amount of loss to the victim bank it is silent on the other statutory factors. Accordingly, we vacate the restitution order and remand the case for further proceedings not inconsistent with United States v. Bruchey, supra.
 
 
 6
 In view of this disposition we deny counsel's request to withdraw from further representation. In addition, counsel's responsibilities in connection with application for certiorari are set forth in the plan adopted by the Fourth Circuit Judicial Counsel in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing her client in writing of his right to petition the Supreme Court for a writ of certiorari. If so requested by her client, counsel should prepare a timely petition for the writ and take the steps that are necessary to protect the rights of her client.
 
 
 7
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.