56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alphonso Eugene ALSTON, Defendant-Appellant.
 No. 94-5498.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1995.
Decided: June 2, 1995.
 
 David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alphonso Eugene Alston was convicted of two counts of bank robbery and one count of bank robbery with a dangerous weapon. See 18 U.S.C.A. Sec. 2113(a) & (d) (West 1984 & Supp.1994). On appeal, Alston asserted that the evidence presented by the Government was insufficient to support a conviction and that the district court erred when it denied his motion for acquittal. Additionally, Alston challenged the sentence imposed by asserting that the district court incorrectly classified him as a career offender.
 
 
 2
 In the first robbery, two bank tellers and a bank customer identified Alston as the person who entered the First Home Federal Savings & Loan Association, waited for ten to twenty minutes writing on a deposit slip, and then demanded money. One teller testified that when Alston demanded money from her, he flashed either a box cutter or a knife wrapped in a white cloth. A bank customer followed Alston as he fled from the bank and observed him removing the sunglasses and cap that he wore during the robbery. Police investigators dusted for fingerprints the area that Alston reportedly handled, and they recovered a deposit slip from the front of one of the teller's windows. A fingerprint specialist from the Federal Bureau of Investigation compared the nine latent fingerprints of value lifted from the deposit slip to a set of Alston's inked prints. All nine prints found on the deposit slip were identified as belonging to Alston.
 
 
 3
 Witnesses to the second bank robbery at First American Bank testified that Alston entered and remained in the bank for ten to fifteen minutes prior to the robbery, supposedly completing a deposit slip. One teller approached Alston and asked if he needed any assistance. He said that he was waiting for another teller. Within moments of this exchange, Alston leaped over a small gate and demanded money from the teller who had offered to help him. Alston reached into the top money drawer, took a handful of cash, jumped back over the gate, and fled the bank. The teller noticed that his right hand was wrapped in what appeared to be a white tee shirt, but could not tell if it concealed a weapon. A latent fingerprint of value, lifted from the recovered deposit slip, matched inked prints known to belong to Alston.
 
 
 4
 The jury convicted Alston of two counts of bank robbery and one count of bank robbery with a dangerous weapon. With two prior felony convictions, Alston was sentenced as a career offender to serve concurrent sentences of 262 and 240 months.
 
 
 5
 When a prisoner challenges the sufficiency of the evidence upon which he was convicted, we review the evidence in the light most favorable to the Government. The verdict will be upheld if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60 (1942).
 
 
 6
 Alston's major argument regarding the sufficiency of the evidence centered around the testimony of the eyewitnesses. A total of five eyewitnesses identified Alston as the bank robber. Several of the witnesses had been in close proximity to him prior to the onset of the robberies and gave detailed descriptions of his appearance.
 
 
 7
 In both of the bank robberies, witnesses testified that Alston entered the bank and lingered at the transaction counter for several minutes before approaching the tellers, giving the appearance that he was completing a deposit slip. Deposit slips, recovered from both banks, were examined to detect the presence of latent fingerprints. Experts in fingerprint analysis testified that the latent fingerprints found on the deposit slips recovered from the scenes of both robberies were compared with Alston's known inked prints. Alston's prints matched those lifted from the crime scene.
 
 
 8
 Reviewing the facts in the light most favorable to the Government, we conclude that Alston's convictions are supported by substantial evidence and will not be disturbed. Therefore, the district court did not commit reversible error when it refused Alston's motion for acquittal.[1] Alston also contends that the court erred in finding him to be a career offender. The question of whether one is a career offender is a legal and not a factual determination, and requires a de novo review. United States v. Aragon, 983 F.2d 1306, 1311-15 (4th Cir.1993); United States v. Rivers, 929 F.2d 136, 141 (4th Cir.), cert. denied, 502 U.S. 964 (1991).
 
 
 9
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 10
 United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1993).
 
 
 11
 Alston only took issue with the third element of this definition. He maintained that the district court erred when it classified his prior conviction of assault upon a police officer as a crime of violence. The term "crime of violence" is defined in relevant part in U.S.S.G. Sec. 4B1.2(1)(i) as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that[ ] has as an element the use, attempted use, or threatened use of physical force against the person of another...." The Commentary to Sec. 4B1.2 provides a nonexhaustive list of crimes of violence including, among others, aggravated assault, robbery, kidnapping, and murder. U.S.S.G. Sec. 4B1.2, comment. (n.2).
 
 
 12
 Alston asserted in his appellate brief that, "[t]he defendant's conviction of assault on an officer is the same as simple assault except the complaining witness is an officer." His contention is that since the Commentary only specifically designated "aggravated" assault, a simple assault would not fit the definition of a crime of violence. This position is without merit for several reasons. First, the Commentary's list of offenses is not exhaustive; it allows for the inclusion of other offenses as crimes of violence if an element of that offense involved the use, attempted use, or threatened use of physical force against the person of another, or involved the use of explosives or otherwise presented a serious potential risk of physical injury to another. Alston conceded during sentencing that a conviction for a simple assault would meet this criterion. Therefore, even if Alston's conviction for assaulting a police officer were classified as merely a simple assault, it would still qualify as an "other offense" involving a crime of violence and Alston's classification as a career offender would be appropriate as a matter of law.
 
 
 13
 Secondly, the definition of a crime of violence clearly includes "any offense" that is punishable under federal or state laws by more than one year in prison, and includes as an element, the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. Sec. 4B1.2. Whether the offense is classified by the state as a misdemeanor or a felony is not the deciding factor in determining if it is a crime of violence. Prior state offenses, which are classified by the state as misdemeanors, but qualify as felonies under Sec. 4B1.2, are properly counted toward career offender status.[2] See United States v. Raynor, 939 F.2d 191, 194-95 (4th Cir.1991) (defendant was properly sentenced as a career offender where his prior state conviction for assaulting a law enforcement officer, which is punishable by up to two years imprisonment, met the federal sentencing guidelines definition for a felony, even though classified by North Carolina as a misdemeanor).
 
 
 14
 In North Carolina, the use of force is included as an element of an assault upon a police officer and is punishable by imprisonment for a term of two years. N.C. Gen.Stat. Sec. 14-33 (1994).[3] Alston's prior conviction for assaulting a police officer was properly classified as a felony for federal sentencing purposes. Additionally, since Alston was at least eighteen years old at the time of the robberies, both robberies were crimes of violence felonies, and Alston has at least two prior felony convictions for crimes of violence, he was properly sentenced as a career offender. Therefore, Alston's claim that he was improperly sentenced is without merit.
 
 
 15
 Alston further urged this Court to look beyond the assault conviction to the underlying facts that gave rise to the offense, and charged the district court with error for failing to do so. However, in deciding whether an offense is a crime of violence, the sentencing court should look only to the offense charged, and not the conduct underlying the prior conviction. United States v. Wilson, 951 F.2d 586 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3799 (U.S.1992). The district court did not commit reversible error by refusing to consider the facts and circumstances underlying Alston's conviction for assault on a law enforcement officer. Alston's prior assault conviction was properly classified as a crime of violence and he was properly sentenced as a matter of law as a career offender.
 
 
 16
 Finding no reversible error on the part of the district court, we affirm Alston's convictions and sentences for bank robbery and bank robbery with a deadly weapon.
 
 
 17
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Following Alston's conviction for the First Home Federal Savings & Loan Association robbery, the district court merged count one, bank robbery (18 U.S.C. Sec. 2113(a)), and count two, bank robbery with a dangerous weapon (18 U.S.C. Sec. 2113(d)), and imposed a single sentence. Section 2113(a) is a lesser included offense of Sec. 2113(d), and the imposition of separate sentences for both offenses would be error; however, the merging of the two counts is not error, avoids multiple punishments for a single offense, and therefore, avoids violating the Double Jeopardy Clause. See United States v. Whitley, 759 F.2d 327 (4th Cir.) (en banc), cert. denied, 474 U.S. 873 (1985)
 
 
 [2]
 To qualify as a felony for federal sentencing purposes, the offense, whether federal, state, or local, must by punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed. U.S.S.G. Sec. 4A1.2(o)
 
 
 [3]
 This was the applicable statutory punishment in effect when Alston was sentenced; however, effective October 1994, the offense of assault upon a law enforcement officer, not involving the use of a deadly weapon, is classified as a Class 1 misdemeanor, punishable by a fine not to exceed fifty dollars or imprisonment for not more than 30 days