**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4227**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL VASHAWN DRAYTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:05-cr-00016)

Submitted: November 30, 2006        Decided: January 10, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith M. Stroud, Charlotte, North Carolina, for Appellant. Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Vashawn Drayton appeals his conviction and 272-month sentence following his guilty plea for bank robbery and armed bank robbery, in violation of 18 U.S.C.A. § 2133(a) and (d)(West Supp. 2002), and related firearm offenses, in violation of 18 U.S.C.A. § 922(g)(West Supp. 2002) and 18 U.S.C.A. § 924(c)(West Supp. 2002). Drayton's attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether his conviction was based upon evidence obtained in violation of due process, whether the district court erred in finding Drayton's guilty plea was knowing and voluntary, and whether the district court erred in imposing his sentence. The Government did not file a reply brief, and although advised of his right to do so, Drayton did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Drayton avers that he was denied due process and constitutional protections against self-incrimination when he was purportedly "tricked" by police into confessing. Drayton's guilty plea waives consideration of any antecedent non-jurisdictional error. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

Next Drayton claims that his guilty plea was not knowing and voluntary. Drayton made sworn declarations at the Rule 11 proceeding that carry a strong presumption of verity, <u>Blackledge v.</u>

<u>Allison</u>, 431 U.S. 63, 74 (1977), and those statements demonstrate the validity of the plea.  Drayton has not presented compelling reasons why his statements should not be presumptively accepted as true.  <u>Crawford v. United States</u>, 519 F.2d 347, 349 (4th. Cir. 1975), <u>overruled on other grounds by</u> <u>United States v. Whitley</u>, 759 F.2d 327 (4th Cir. 1985).  The district court proceedings demonstrate that Drayton knowingly and voluntarily entered his plea, and this claim lacks merit.

Finally, Drayton suggests that the district court erred in imposing his sentence in violation of 18 U.S.C. § 3553.  After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines.  However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a).  <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).  This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable."  <u>Id.</u> at 433 (internal quotation marks and citation omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

The district court sentenced Drayton post-<u>Booker</u> and appropriately treated the guidelines as advisory. The court sentenced Drayton after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. Drayton's 272-month sentence is the lowest appropriate guideline sentence he could have received. It is well below the statutory maximum of life imprisonment for the 18 U.S.C. § 922(g) charge. Finally, neither Drayton nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Drayton's conviction and sentence. This court requires that counsel inform Drayton, in writing, of the right to petition the Supreme Court of the United States for further review. If Drayton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Drayton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -