**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4430**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ZEESHAN ASLAM, a/k/a Shawn,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J.  Frederick Motz, District Judge.
(1:05-cr-00273-JFM)

———————————

Submitted:  September 28, 2007      Decided:  October 25, 2007

———————————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William S. Little, STARK & LITTLE, Baltimore, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Harry M.
Gruber, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zeeshan Aslam appeals from the judgment imposed after he pled guilty, pursuant to a written plea agreement, to smuggling goods, in violation of 18 U.S.C. § 545 (2000). His plea agreement included a waiver of the right to appeal his sentence. The Government filed a motion to dismiss the appeal based on the appellate waiver. The court granted the motion in part and denied it in part to permit the appeal based only upon claims of ineffective assistance of counsel.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

Aslam argues that counsel was ineffective related to the stipulation to the amount of loss at sentencing. The $759,161.16 that was stipulated to by all parties was contained in the plea agreement in the forfeiture provision. The plea agreement also contained a guideline stipulation that the value of the items exceeded $400,000, but was less than $1,000,000. Aslam now objects

to the calculation of the value of the items seized. He states that trial counsel was inadequate because he did not independently investigate the financial records of the corporation as Aslam advised. He states on appeal that he also furnished financial records and calculation amounts to the district court, but none are found in the record. The record is also devoid of any comment by Aslam at the Fed. R. Crim. P. 11 hearing that he did not agree to the stipulated amount.

Aslam next argues that his financial records demonstrated that he had a negative net worth and therefore his counsel should not have permitted him to be subject to joint and several liability for the entire forfeiture amount contained in the plea agreement. Aslam contends that, because he had to rely upon his co-defendant father's satisfaction of the obligation, and that obligation was not satisfied by the first deadline, he was prejudiced by being held jointly and severally liable. He contends that his counsel should not have permitted him to enter into the plea agreement based on these conditions. We conclude that Aslam has not conclusively established ineffective assistance of counsel on this basis. Again, there is no indication in the record on appeal that there was an obvious error in the value of loss calculation. Further, it is not evident that Aslam was prejudiced by the alleged ineffective assistance related to sentencing. Aslam received a downward departure based upon over-represented criminal history.

- 3 -

He also received a downward departure from the Guidelines range established in the presentence report based upon the court's finding that he would likely spend time in post-sentence administrative detention pending his removal from the United States.

Finally, at the Rule 11 hearing, Aslam agreed that he was satisfied with the services of counsel, and his statement, made under oath, is presumptively accepted as true. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Crawford v. United States, 519 F.2d 347, 349 (4th Cir. 1975), overruled on other grounds by United States v. Whitley, 759 F.2d 327 (4th Cir. 1985). We therefore decline to consider Aslam's allegations of ineffective assistance of counsel, as he may raise them in a 28 U.S.C. § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED