**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-4431

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

FARHAN ASLAM,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J.  Frederick Motz, District Judge. (1:05-cr-00273-JFM)

_____

Submitted:  September 28, 2007      Decided:  October 25, 2007

_____

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Allen H. Orenberg, THE ORENBERG LAW FIRM, P.C., North Bethesda, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Harry M. Gruber, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Farhan Aslam appeals from the judgment imposed after he pled guilty, pursuant to a written plea agreement, to smuggling goods, in violation of 18 U.S.C. § 545 (2000). His plea agreement included a waiver of the right to appeal his sentence. The Government filed a motion to dismiss the appeal based on the appellate waiver. The court granted the motion in part and denied it in part to permit the appeal based only upon claims of ineffective assistance of counsel. Aslam's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Aslam has filed a pro se informal brief. The Government filed a joint brief addressing this appeal and that of Aslam's brother, Zeeshan Aslam.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

Although Aslam's appellate counsel ultimately concludes that there is no error, he raises the issue that counsel was

ineffective in plea negotiations and in preparing for the sentencing hearing. In his pro se supplemental brief, Aslam alleges that trial counsel was ineffective related to the stipulation to the amount of loss at sentencing. The $759,161.16 that was stipulated to by all parties was contained in the plea agreement in the forfeiture provision. The plea agreement also contained a guideline stipulation that the value of the items exceeded $400,000, but was less than $1,000,000. Aslam now objects to the calculation of the value of the items seized. He states that trial counsel was inadequate because he did not independently investigate the financial records of the corporation as Aslam advised. The record is devoid of any comment by Aslam at the Fed. R. Crim. P. 11 hearing that he did not agree to the stipulated amount.

We conclude that Aslam has not conclusively established ineffective assistance on this basis. There is no indication in the record on appeal that there was an obvious error in the value of loss calculation. Further, it is not evident that Aslam was prejudiced by the alleged ineffective assistance. Finally, at the Rule 11 hearing, Aslam agreed that he was satisfied with the services of counsel, and his statement, made under oath, is presumptively accepted as true. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Crawford v. United States, 519 F.2d 347, 349 (4th Cir. 1975), overruled on other grounds by United States v.

Whitley, 759 F.2d 327 (4th Cir. 1985).  We therefore decline to consider Aslam's allegations of ineffective assistance of counsel, as he may raise them in a 28 U.S.C. § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Aslam's conviction and sentence.  We deny counsel's motion to withdraw from representation.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED